UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80020-CR-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA

v.

JACOB ZAPETA-CASTRO,
          Defendant.

_____/

## PLEA AGREEMENT

The United States of America and JACOB ZAPETA-CASTRO (hereinafter referred to as the "defendant") enter into the following agreement:

1.   The defendant agrees to plead guilty to the sole count of the Information, which charges the defendant with illegal re-entry after deportation, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

2.   The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines,

but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed. The defendant is also aware that the guidelines do not provide for parole.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 dollars.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to illegal re-entry after deportation, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently. The United States, however, will

not be required to make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of  the  probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.   The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9.   The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial, to cross-examine the government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal

any adverse verdict that may result from a trial.  The defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

10.  This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings between the parties.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 3\17\17   By: _____
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY

Date: 3|17/17   By: _____
NAYIB HASSAN
ATTORNEY FOR DEFENDANT

Date: 3/17/17   By: _Jacob Zapeta._
JACOB ZAPETA-CASTRO
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80020-CR-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA

vs.

JACOB ZAPETA-CASTRO,

Defendant.

_____/

## FACTUAL BASIS FOR CHANGE OF PLEA

Had this case proceeded to trial, the United States would have been prepared to prove the following facts beyond a reasonable doubt:

On or about January 19, 2017, Jacob ZAPETA-CASTRO was arrested in Palm Beach County, Florida for a violation of probation. He was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from United States, that is Jacob ZAPETA-CASTRO.

On or about January 20, 2017, Deportation Officer Cynthia Alcocer took a sworn statement from Jacob ZAPETA-CASTRO. Post-*Miranda*, Jacob ZAPETA-CASTRO admitted to being a native of Guatemala.   He further admitted to last illegally entering the United States in 2015, after being previously removed from the United States in 2013. Jacob ZAPETA-CASTRO further admitted that he did not seek permission from the U.S. government to re-enter the United States.

A review of the immigration alien file assigned to Jacob ZAPETA-CASTRO shows that he is native and citizen of Guatemala. Records further show that on or about March 20, 2012, Jacob ZAPETA-CASTRO was voluntary removed from the United States.

1

Thereafter, Jacob ZAPETA-CASTRO re-entered the United States illegally and, on or about January 31, 2013, he was ordered removed from the United States. The Order of Removal was executed on or about February 13, 2013, whereby Jacob ZAPETA-CASTRO was removed from the United States and returned to Guatemala.

Thereafter, Jacob ZAPETA-CASTRO once again illegally re-entered the United States and, or about November 13, 2013, he was removed and returned to Guatemala once again.

A further review of the records shows that on or about May 13, 2013, in the United States District Court, Western District of Texas, Jacob ZAPETA-CASTRO was convicted of the offense of illegal entry, case number 13-M-07122(1)-CW.

Additional records show that on or about January 18, 2013, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Jacob ZAPETA-CASTRO was convicted of the felony offense of leaving the scene of a crash involving injury, in case number 2012CF009031A.

Fingerprint expert John Solek confirmed that the individual arrested on January 19, 2017, that is, Jacob ZAPETA-CASTRO, was the same individual who was previously removed from the United States.

Agent Korzen performed a records check in the Computer Linked Application Informational Management System (CLAIMS) to determine if Jacob ZAPETA-CASTRO filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Jacob ZAPETA-CASTRO obtained consent from the Attorney General of the

2

United States or from the Secretary of Homeland Security. for re-admission into the United States

as required by law.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 3\17\17                    By: _____
                                     RINKU TRIBUIANI
                                     ASSISTANT UNITED STATES ATTORNEY

Date: 3 /17/ 17                  By: _____
                                     NAYIB HASSAN
                                     ATTORNEY FOR DEFENDANT

Date: 3/17/17                    By: _____
                                     JACOB ZAPETA-CASTRO
                                     DEFENDANT

3