**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

**CASE NO: 1:17-CR-80020**

v.

JACOB ZAPETA-CASTRO,
                    **Defendant.**

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant**, JACOB ZAPETA-CASTRO (hereinafter referred to as "Zapeta"),** by and through the undersigned counsel, Nayib Hassan, files this Sentencing Memorandum and states the following in support thereof:

### HISTORICAL OF ZAPETA

Zapeta is a thirty-one-year-old male individual that has been working in various jobs throughout his time in the United States. It could be accurate to state that apart from issues with his substance abuse, namely alcohol, and driving issues, Zapeta has been a law abiding resident. Unlike many people that we see come into this country and commit heinous and egregious crimes, his actions are all related to substance abuse. Additionally, this is an individual that has family in the United States and has returned for reasons of his family's well-being. This is not individual that freelances in major crimes and then sends the money back to his home country. No this is an individual that simply wants his family to have a future and that is while he and his family have relocated.  Unfortunately, due to immigration laws, Mr. Zapeta will not be forced to leave this country and will be facing a mandatory 10-year suspension from not being to return and additionally, will have to surrender his status in his home country of Guatemala if he wishes to seek asylum in this country at some point.

United States of America v. Jacob Zapeta-Castro
Honorable Judge Marra
Case No: 1:17-CR-800020

It should be noted that Zapeta was sentenced in 2013 to 180 in the Federal jail for illegal reentry. Additionally, in the early part of this year was sentenced to 161 Palm Beach County Jail with all credit for time served for a violation of probation on the Leaving the Scene of the Accident. Undersigned would be asking that this Honorable Court depart from the guideline sentence and sanction Zapeta to 7 months of Federal Prison with credit for all time served in Palm Beach County Jail concurrent to 07MM001079.

Zapeta expresses that he wishes he could go back in time and enter this country correctly and give his children the future he couldn't have. A future with hope, with his family, with there mother and father, and with all of his loved ones. The actions of Zapeta are not those of a unruly and heinous criminal; but are the actions of a father and caregiver that wants and needs to be there for his family.

### Sentencing Considerations

The Sentencing Reform Act as revised by Booker requires a sentencing Court to consider Guidelines ranges, see 18 U.S.C.A. §3553(a)(4) (Supp.2004), but it permits the Court to tailor the sentence in light of other statutory concerns as well, see §3553(a).

Additionally, section 3553(a)(2) makes the following consideration:

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) To afford adequate deterrence for criminal conduct;
(C) To protect the public from further crimes of the Defendant; and
(D) To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553 (a) further directs sentencing courts to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the Defendant" (§3553(a)(1));
(2) "the kinds of sentences available" (§3553(a)(3)); and

United States of America v. Jacob Zapeta-Castro
Honorable Judge Marra
Case No: 1:17-CR-800020

(3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§3553(a)(6)).

The directives of Booker and §3553(a) make clear that courts no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings and merits of the majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing to courts to consider all of the §3553(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F.Supp. 2d 984, 985-86 (E.D. Wisc. Jan 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." United States v. Jaber, F.Supp.2d 2005 WL 605787*4 (D.Mass. March 16, 2005)(Gertner, J.) See Also United States v. Ameline, 400 F.3d 646, 655,56 (9th Cir. Feb.9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), rehearing en banc granted, 401 F.3d 1007 (9th Cir. 2005)

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, the logic compels the conclusion that the sentencing judge, after considering recited factors (including guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise –if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed- its opinion would surely say so. Booker, 125 S.Ct. at 791 (Scalia, J., dissenting in part.

Likewise, if the remedial majority thought the guidelines had to be given "heavyweight", its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section §3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the §3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory factors should generally trump the guidelines. See <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part)(arguing that since §3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

### **Recommended Sentence and Mitigating Factors**

Against the backdrop of the historical of Zapeta, Zapeta's advisory guideline range should be 15 to 21 months of imprisonment.

Considering all of the factors set forth under 18 USC §3553, a downward departure from a 15 month sentence for Zapeta is entirely reasonable. For starters, the nature and circumstances of Zapeta's return in the country, including his background, warrant such a sentence. In particular, Zapeta returned to this country due to his wife's unforeseen illness and amount of children.

Further still, 18 USC §3553(b)(1) provides: "Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to ion subsection (a)(4) unless the court finds that there is exists… a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." Along these lines, Zapeta promptly, fully and voluntarily cooperated with the State agents and Law Enforcement involved in his instant arrest.

Based on the foregoing reasons, together with additional reasons that will be presented at Sentencing, a downward departure from an 15 month sentence for Zapeta is clearly reasonable.

**Respectfully submitted,**

*/s/ Nayib Hassan*

_____
**Nayib Hassan, Esq., (Fla Bar No. 20949)**
**Attorney for Defendant**
**LAW OFFICES OF NAYIB HASSAN, P.A.**
**6175 NW 153 St., Suite 221**
**Miami Lakes, Florida 33014**
**Tel. No.: 305.403.7323**
**Fax No.: 305.403.1522**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May, 2017, the undersigned electronically filed the foregoing document, Sentencing Memorandum, with the Clerk of the Court using CM/ECF.


/s/ Nayib Hassan
_____
**Nayib Hassan, Esq., (Fla Bar No. 20949)**
**Attorney for Defendant**

United States of America v. Jacob Zapeta-Castro
Honorable Judge Marra
Case No: 1:17-CR-800020